**DENY; and Opinion Filed December 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01556-CV

### IN RE ANTONIO CHAVEZ, Relator

**Original Proceeding from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 23284-84**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Brown
Opinion by Justice Brown

Roughly a decade ago, a jury found relator guilty of aggravated robbery and assessed punishment at fifty years' confinement. *See Chavez v. State*, 05-05-01590-CR, 2006 WL 3505226, at *1 (Tex. App.—Dallas Dec. 6, 2006, pet. ref'd). In this petition for writ of mandamus, relator requests that the Court order the trial court to rule on his Motion for Bench Warrant and Evidentiary Hearing which he states was filed August 25, 2015. Relator's petition is accompanied by only a minimal record that does not satisfy the requirements of rule 52.3(k) and 52.7 of the Texas Rules of Appellate Procedure and is not certified as required by rule 52.3(j). Although these deficiencies alone constitute sufficient reason to deny mandamus relief, in the interest of judicial economy, we address the petition.

Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *In re Allen*, 462 S.W.3d 47,

49 (Tex. Crim. App. 2015) (orig. proceeding). To demonstrate that the trial court has failed to perform a ministerial act, a relator must show that he has a clear right to the relief sought. *Id.* "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) (citing *Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). The act requested must be "positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Allen*, 462 S.W.3d at 50.

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion, *see State ex rel. Young v. Sixth Judicial Dist. Court of Appeals,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding), but it cannot be said that a motion that is filed after a trial court has lost jurisdiction to act on the motion is either properly filed or timely presented. The trial court's general jurisdiction over relator's underlying criminal case expired long ago. *See State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (consolidated appeal and orig. proceeding) (plurality opinion) (when conviction has been affirmed on appeal and mandate issued, general jurisdiction is not restored in trial court). The mandamus record also does not demonstrate the existence of any pending petition for writ of habeas corpus, motion for forensic DNA testing, motion for judgment nunc pro tunc, or any other pending matter that would vest special jurisdiction in the trial court to consider relator's motion. *See id.* Absent general or special jurisdiction, the trial court lacks the authority to grant relator's motion.

The preferred and better practice, of course, is for a trial court to advise a party when the court determines it lacks authority to take action on a motion. *See In re Blanton*, No. 05-15-01412-CV, 2015 WL 9257033, at *1 (Tex. App.—Dallas Dec. 11, 2015, orig. proceeding). We are aware of no authority, however, for the proposition that a trial court has a positive duty "so

plainly prescribed under the law as to be free from doubt" to advise a movant that the trial court lacks authority to take any action on his motion.

The relator's petition does not establish that the trial court has breached a ministerial duty in failing to rule on his Motion for Bench Warrant and Evidentiary Hearing. We deny the petition.

/Ada Brown/
ADA BROWN
JUSTICE

151556F.P05